IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20105
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY NORRIS MCAFFEE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. (CR-H-92-137-18)
- - - - - - - - - -
December 11, 1996
Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bobby Norris McAffee appeals the district court's forfeiture order, arguing that the Government failed to prove the extent of his interest in two properties in Houston, Texas, and failed to prove that any interest that he had in these properties was acquired or maintained in violation of RICO. Only one of the properties is at issue on appeal because the district court vacated its order of forfeiture with respect to the other

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

property.   McAffee also contends for the first time on appeal that the seizure of his property after his criminal conviction constitutes a violation of the Double Jeopardy Clause.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed.  The district court's forfeiture of substitute assets was appropriate. See 18 U.S.C.§ 1963(m)(2).  The Double Jeopardy Clause did not preclude the Government from seeking the full range of statutorily authorized criminal penalties.  See United States v. Halper, 490 U.S. 435, 450 (1989).

AFFIRMED.